**Fernando MARTINEZ–BEATA,**
**Petitioner,**

v.

**Loretta E. LYNCH, Attorney**
**General, Respondent.**

**No. 12–72086.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 2015.*

Filed Oct. 29, 2015.

Monica Ganjoo, Esquire, Ganjoo Law Office, San Francisco, CA, for Petitioner.

Monica Antoun, Esquire, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

MEMORANDUM **

Fernando Martinez–Beata petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing Martinez's appeal from the decision of an Immigration Judge denying his application for adjustment of status and ordering him removed. We deny the petition.

1. Martinez was removed in 2000 under an expedited 8 U.S.C. § 1225(b)(1) removal order and later reentered the country illegally. **CAR 67–68, 98.** Illegal reentry after removal pursuant to an expedited § 1225(b)(1) removal order renders an alien inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) and, in turn, ineligible for adjustment of status under 8 U.S.C. § 1255(i). *See In re Torres–Garcia,* 23 I. & N. Dec. 866, 870–71 (B.I.A.2006); *Duran Gonzales v. Dep't of Homeland Sec.,* 508 F.3d 1227, 1242 (9th Cir.2007).

2. Under 8 U.S.C. § 1225(b)(1)(C), the BIA lacked jurisdiction to review the validity of the 2000 expedited removal order. We also lack statutory jurisdiction to review the validity of that order. *See* 8 U.S.C. § 1252(a)(2)(A)(i), (e); *Avendano–Ramirez v. Ashcroft,* 365 F.3d 813, 818–19 (9th Cir.2004).

3. We do have jurisdiction, however, to consider Martinez's petition for review, which contends that the BIA erred in de-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying his application for adjustment of status. For the reasons above, that petition is **DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

